IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

PARKERSBURG DIVISION

MICHAEL R. DYE,

            Plaintiff,

v.                                  CIVIL ACTION NO.  6:09-cv-00095

MICHAEL J. ASTRUE
Commissioner of Social Security,

            Defendant.

**MEMORANDUM OPINION AND ORDER**

**I. Introduction**

    Pending before the court is an action seeking review of the final decision of an Administrative Law Judge of the Social Security Administration (the "ALJ")[1] denying claimant Michael R. Dye's application for disability insurance benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383f.

    This action was referred to the Honorable Mary E. Stanley, United States Magistrate Judge, for submission to this court of proposed findings of fact and recommendation for disposition ("PF&R"), pursuant to 28 U.S.C. § 636(b)(1)(B).  The Magistrate Judge has submitted findings of fact and recommended that the court REVERSE the final decision of the Commissioner, REMAND this case for an award of benefits pursuant to the fourth sentence of 42 U.S.C. § 405(g) and

---

[1] Because the ALJ is a designate of the Social Security Commissioner, the decision of the ALJ is sometimes referred to as the decision of the "Commissioner" in this opinion.

DISMISS this matter from the court's docket. On March 4, 2010, the defendant filed timely objections to the Magistrate Judge's findings and recommendation. The matter is ripe for review.

The court has reviewed *de novo* those portions of the PF&R to which the plaintiff objects. For reasons set forth below, the court **ADOPTS** the Magistrate Judge's PF&R. The decision of the ALJ is **REVERSED**, and this action is **REMANDED** for an award of benefits. This case is hereby **DISMISSED** from the court's docket.

## II. Standard of Review

The Social Security Act states that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The Supreme Court has defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Further, "[i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

In reviewing the case for substantial evidence, the court does not re-weigh conflicting evidence, make determinations as to credibility, or substitute its own judgment for that of the Commissioner. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Rather, the court must adopt the Commissioner's findings if there is evidence in support of such findings "to justify a refusal to direct a verdict were the case before a jury." *Blalock v. Richardson*, 483 F.2d 773, 776 (4th Cir. 1972). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [Commissioner] (or the [Commissioner]'s designate, the ALJ)." *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987). Thus, even if the court

would have reached a different decision, it must nonetheless defer to the conclusions of the ALJ if such conclusions are bolstered by substantial evidence and were reached through a correct application of relevant law. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

## III. Analysis

The defendant makes two objections to the PF&R. First, he argues that the Magistrate Judge erred in finding that the claimant met the criteria set forth in 20 C.F.R., Pt. 404, Subpt. P, app. 1, § 12.05C ("Listing 12.05C"), which lists the criteria for Mental Retardation. Second, he argues that should the court agree with the Magistrate Judge's recommendation, remand, not reversal, is the appropriate remedy. I will address these arguments in turn.

### A. The Claimant Meets the Threshold Requirement of Listing 12.05C.

In order to determine whether a claimant is disabled due to a mental impairment, the ALJ must look to Listing 12.05C. The Listing first provides an initial criterion:

> Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.

20 C.F.R., Pt. 404, Subpt. P, app. 1, § 12.05 (the "threshold requirement"). The ALJ also must look to a series of lettered paragraphs to determine severity of the disorder:

> The required level of severity for this disorder is met when . . .
>
> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function.

*Id*. at § 12.05C. As an initial matter, I note that the ALJ failed to explicitly consider whether the claimant suffered from an impairment meeting the requirements of Listing 12.05C. Nonetheless,

as explained in Part B below, because the court finds that the claimant met the Listing 12.05C requirements, the matter can be remanded for award of benefits.

The defendant contends that the Magistrate Judge erred in finding that the claimant met the threshold requirement of Listing 12.05C. He argues that the Magistrate Judge "overlook[ed] th[e] substantial evidence that Plaintiff did not demonstrate deficits in adaptive functioning prior to age twenty-two, or at any time based on the record before the ALJ." (Def.'s Objections to Mag. Judge's Report & Recommendation 3.) He also argues that the Magistrate Judge should not have assumed that "an IQ score alone from testing performed after age 22 is evidence that deficits in adaptive functioning existed prior to age twenty-two" and should not have relied upon *Branham v. Heckler*, 775 F.2d 1271 (4th Cir. 1985), and *Luckey v. United States Department of Health & Human Services.,* 890 F.2d 666 (4th Cir. 1989). (Def.'s Objections to Mag. Judge's Report & Recommendation 3, 5.) The defendant claims that since Listing 12.05C was amended in 1985 to focus on deficits in adaptive functioning, a low IQ alone does not necessarily satisfy the threshold requirement. (*See id*. at 5.) Finally, the defendant maintains that the ALJ was correct in relying on certain facts in the record — that the plaintiff passed his driver's license examination, did laundry, went shopping, paid bills, went hunting, etc. — in its determination that the plaintiff did not have a deficit in adaptive functioning.

I have reviewed the record and the PF&R pursuant to the defendant's objections, and I agree with the Magistrate Judge that the plaintiff is disabled under Listing 12.05C, and the ALJ's decision to the contrary is not supported by substantial evidence.

The appendix to the pertinent regulation explains that "since the results of an intelligence test are only part of the overall assessment, the narrative report that accompanies the test results

4

should comment on whether the IQ scores are considered valid and consistent with the developmental history and the degree of functional limitation." 20 C.F.R., Pt. 404, Subpt. P, app. 1, § 12.00D.6.a. Results of the claimant's WAIS test revealed that, at age 46, the claimant read at a fifth grade level, spelled at a second grade level, and performed arithmetic at a sixth grade level. (Tr. 336.) The psychologists who evaluated the claimant, Janice Blake and John Atkinson, diagnosed him with "mild mental retardation." (*Id*. at 336-37, 370.) The narrative aspect of the claimant's intelligence test explains that his work history is consistent with this diagnosis. It stated that "[h]is obtained scores correlate with his work history as he reported that he had done farm work beginning at age 16 years, that lasted approximately 28 years. He stated that he had only worked four to five months on an oil rig prior to quitting. His other employment has been mowing lawns and other lawn care." (*Id.*) The evaluation conducted by Mr. Atkinson specifically mentioned "adaptive functioning deficits . . . in academics and complex work" and later refers to "intellectual deficits." (*Id*. at 367, 369.) It also indicated that if benefits were granted to the claimant, he "would not be able to manage his own financial affairs, including money payments due to mental retardation." (*Id*. at 370.) The test scores as well as the narrative accompanying them show that the claimant had subaverage general intellectual functioning with deficits in adaptive functioning.

Furthermore, the Magistrate Judge's reliance on *Luckey* and *Branham* is not misplaced. Both cases hold that the Social Security regulations "expressly define mental retardation as denoting a lifelong condition." *Luckey*, 890 F.2d at 668; *Branham*, 775 F.2d at 1274. In addition, "there are many possible reasons why an adult would not have obtained an IQ test early in life and the absence of an IQ test during the developmental years does not preclude a finding of mental

retardation predating age 22." *Luckey*, 890 F.2d at 668. Indeed, "in the absence of any evidence of a change in a claimant's intelligence functioning, it must be assumed that the claimant's IQ had remained relatively constant." *Id*.

My review of the applicable law has revealed that *Luckey* and *Branham* are still good law in this circuit. For one thing, *Luckey* was decided after the 1985 amendment to Listing 12.05C. Moreover, other courts have recognized that a finding of mental retardation and low IQ score can satisfy the threshold requirement in this Circuit. *See, e.g.*, *Soverns v. Astrue*, 501 F. Supp. 2d 1311, 1320 (D. Kan. 2007) ("The Fourth, Eighth, and Eleventh Circuits have held that IQ is relatively constant throughout life and an IQ score after age twenty-two is evidence of an individual's IQ being the same before age twenty-two."); *Hodges v. Barnhart*, 276 F.3d 1265, 1268-69 (10th Cir. 2001) ("[A]ppellate courts have recognized [a] presumption finding that IQ's remain fairly constant throughout life" (citing *Luckey*).). Because I fail to see any evidence on the record — let alone "substantial evidence" — of a difference in the claimant's intelligence functioning before age twenty-two, I **FIND** that the claimant meets the threshold requirement of Listing 12.05C.

### B. Remand for Award of Benefits is the Proper Resolution.

Second, the defendant argues that, should the court find that the record is insufficient to determine whether substantial evidence supports the ALJ's determination, the court should remand to the ALJ to "further evaluate whether Plaintiff met Listing 12.05C." (Def.'s Objections to Mag. Judge's Report & Recommendation 6.) The ALJ did not engage in an extended analysis of the Listing 12.05C criteria. This was clearly in error. As the PF&R explains, however, the ALJ did decide, inter alia, that "the record does not demonstrate that the claimant would have any deficits in adaptive functioning initially manifested during the development period . . . ," which is

essentially the threshold requirement. (Mag. Judge's Proposed Findings & Recommendation 15-16 (citing Tr. at 24).) As such, the court need not remand and require the ALJ to perform a more specific analysis, and remand for an award of benefits is appropriate. *See* 42 U.S.C. § 405(g) ("The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [ALJ], with or without remanding the cause for a rehearing.").

**IV. Conclusion**

For these reasons, the court **ADOPTS** the Magistrate Judge's PF&R, **REVERSES** the decision of the ALJ, and **REMANDS** this action for an award of benefits. This case is hereby **DISMISSED** from the court's active docket.

The court **DIRECTS** the Clerk to send a copy of this written opinion to counsel of record and any unrepresented party.

ENTER: March 30, 2010

Joseph R. Goodwin, Chief Judge

7